IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C., )<br><br>Plaintiff, )<br><br>v. )<br><br>CHARLES AUSTIN HOLDINGS, LLC, and SARA MOROCHO, )<br><br>Defendants. ) | Case No. 1:23-cv-2881 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Now comes Plaintiff, Firemen's Insurance Company of Washington, D.C. ("Firemen's"), by and through its attorneys, Dana A. Rice and Adam P. Joffe of Traub Lieberman Straus & Shrewsberry LLP, and for its Complaint for Declaratory Judgment against Defendants, Charles Austin Holdings, LLC ("CAH"), and Sara Morocho ("Morocho"), it states as follows:

**THE PARTIES**

1.      Firemen's is, and at all relevant times has been, a corporation organized under the laws of Delaware with its principal place of business in Glen Allen, Virginia. At all times relevant hereto, Firemen's was an insurer whose policies may be sold in Illinois.

2.      At all relevant times, CAH was a limited liability company organized under the laws of Illinois with its principal place of business in Chicago, Illinois.  The members of CAH are the following:

        a.   Xiaomei Dong, who at all relevant times was a citizen of Illinois;

        b.   Christian Lui, who at all relevant times was a citizen of Illinois; and

        c.   John Kwok, who at all relevant times was a citizen of Illinois.

3.      At all relevant times, Morocho was a citizen of Illinois.

1

## JURISDICTION

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) in that the citizenship of the parties is completely diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Specifically, this matter relates to an insurance policy providing in excess of $75,000 in coverage and an underlying putative class action lawsuit seeking in excess of $75,000.

## VENUE

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to this litigation occurred in this judicial district. Specifically, Morocho allegedly suffered injury at CAH's business address in this judicial district. The underlying lawsuit giving rise to this coverage action is currently pending in the Circuit Court of Cook County, Illinois.  The subject insurance policy giving rise to this suit covered a risk in this judicial district and was delivered to CAH's business address in this judicial district. Moreover, at least one of the defendants is a citizen of this judicial district.

## THE UNDERLYING LAWSUIT

6.     On or about October 26, 2022, Morocho, individually and on behalf of all other persons similarly situated, filed a putative Class Action Complaint against CAH in the Circuit Court of Cook County, Illinois, under Case Number 2022 CH 10567 ("*Morocho* Lawsuit"). (A true and correct copy of the *Morocho* Lawsuit is attached hereto as **Exhibit A.)**

7.     The *Morocho* Lawsuit seeks monetary damages and injunctive relief as necessary to protect the interests of the putative class by requiring CAH to comply with the Illinois Biometric Information Privacy Act's ("BIPA") requirements for collection, storage, and use of biometric identifiers and biometric information, and statutory damages.  (Ex. A.)

8.    The *Morocho* Lawsuit alleges that CAH employs Morocho and the other putative members of the class. (Ex. A, ¶ 3).

9.    In that capacity, the putative class members are allegedly "subject to the unlawful biometric scanning and storage practices" of CAH. (Ex. A, ¶ 2.)

10.    Specifically, Morocho and the other putative class members were allegedly required to provide CAH with their personalized biometric identifiers and the biometric information derived therefrom.  This took the form of fingerprint scanning, which was allegedly collected, stored, and used for "clocking in" and "clocking out" of work. (Ex. A, ¶ 3.)

11.    The *Morocho* Lawsuit further alleges that Morocho and the other putative class members have not been notified where their fingerprints are being stored, for how long CAH will keep the fingerprints, "and what might happen to this valuable information."  (Ex. A, ¶ 5.)

12.    The *Morocho* Lawsuit alleges that, under the BIPA if CAH insists on collecting and storing its employees' fingerprints, CAH must: (1) notify employees that the practice is taking place, (2) inform employees of how the practice is implemented, (3) obtain written consent from the employees to collect and store their biometric data, (4) maintain its employees biometric data in a sufficiently secure manner, and (5) maintain a publicly available disclosure of how the biometric data will be handled and destroyed. (Ex. A, ¶ 8.)

13.    More specifically, the *Morocho* Lawsuit alleges that CAH did not inform Morocho or the other putative class members of the specific purpose and length of time for which their biometric information would be collected, stored, and/or used. (Ex. A, ¶ 19.)

14.    CAH allegedly did not inform them in writing that their biometric information was being recorded, obtained, collected, and/or stored. (Ex. A, ¶ 18.)

15.    CAH allegedly did not obtain written consent to record, collect, obtain, and/or store their biometric data, nor did CAH provide the requisite statutory disclosures to allow an opportunity to prohibit or prevent the use of biometric information. (Ex. A, ¶ 20.)

16.    The *Morocho* Lawsuit further alleges that CAH did not disclose to Morocho or the other putative class members its retention schedule and guidelines for permanent destruction of their biometric data, nor did it disclose the specific purpose and length of time that the biometric data would be collected, stored, and/or used. (Ex. A, ¶¶ 19, 22.)

17.    The *Morocho* Lawsuit also alleges that CAH "did not disclose…the identities of any third parties with whom [CAH] was directly or indirectly sharing, disclosing, or otherwise disseminating class members' biometric data." (Ex. A, ¶ 24.)

18.    The *Morocho* Lawsuit alleges that CAH is believed to be storing its data in a less secure manner than it stores other similarly sensitive data, such as employees' social security numbers and confidential business records. (Ex. A, ¶ 25.)

19.    The *Morocho* Lawsuit alleges that CAH has performed none of its aforementioned obligations as required by the BIPA.  As such, Morocho and the other putative class members have brought the *Morocho* Lawsuit to obtain statutory damages and injunctive relief under the BIPA. (Ex. A.)

20.    The *Morocho* Lawsuit seeks to certify a class consisting of "all individuals whose biometric data [CAH] collected or stored in Illinois."  (Ex. A, ¶ 26.)

21.    Count I of the *Morocho* Lawsuit seeks monetary damages under the BIPA.  (Ex. A, ¶¶ 29-35.)

22.    Count II of the *Morocho* Lawsuit seeks injunctive relief "as necessary to protect the interests of the Plaintiff and the class." (Ex. A, ¶¶ 36-44.)

**THE FIREMEN'S POLICY**

23.     Firemen's issued a multi-peril commercial lines insurance policy to CAH for the policy period of May 17, 2021 to May 17, 2022 ("21-22 Policy"). (A true and correct copy of the 21-22 Policy is attached hereto as **Exhibit B** and is incorporated herein by reference.)

24.     The 21-22 Policy was subsequently renewed for the policy period of May 17, 2022 to May 17, 2023 ("22-23 Policy"). (A true and correct copy of the 22-23 Policy is attached hereto as **Exhibit C** and is incorporated herein by reference.) (The 21-22 Policy and the 22-23 Policy are hereinafter referred to collectively as the "Policies").

25.      The Policies provide, among other things, commercial general liability coverage subject to a $1,000,000 limit of liability per occurrence and a general aggregate limit of $2,000,000.

**COUNT I**

**NO "BODILY INJURY" AS DEFINED IN THE CGL COVERAGE FORM**

26.     Firemen's adopts and realleges the allegations in paragraphs 1 through 25 of its Complaint for Declaratory Judgment as paragraph 26 of Count I of its Complaint for Declaratory Judgment as if fully set forth herein.

27.     The Policies provide, in pertinent part, the following with respect to the CGL coverage provided in Coverage A:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
* * *
**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

    **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage"

to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. * * *

* * *

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

* * *

**b.**     This insurance applies to "bodily injury" and "property damage" only if:

    **(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)**     The "bodily injury" or "property damage" occurs during the policy period; and

* * *

(Exs. B and C.)

28.     The Policies define the term "bodily injury" as follows:

**SECTION V – DEFINITIONS**

* * *

**3.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

 (Exs. B and C.)

29.     The *Morocho* Lawsuit alleges no bodily injury, disability, sickness, or disease sustained by Morocho or any other putative class member.  (Ex. A.)

30.     Therefore, the *Morocho* Lawsuit does not allege "bodily injury" as defined by the Policies.

31.     Firemen's has and had no duty under the Policies to defend CAH against the *Morocho* Lawsuit, or to indemnify CAH for any judgment or settlement entered in the *Morocho* Lawsuit.

6

32.     An actual controversy exists between Firemen's, CAH, and Morocho and by the terms provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Firemen's, respectfully prays that this Honorable Court:

a.     Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policies;

b.     Find and declare that the claims asserted in the *Morocho* Lawsuit do not constitute "bodily injury" as defined by the Policies;

c.     Find and declare that Firemen's has and had no duty under the Policies to defend CAH against the *Morocho* Lawsuit, or to indemnify CAH for any judgment or settlement entered therein; and

d.     Grant Firemen's such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT II

## THE "VIOLATION OF STATUTES" EXCLUSION BARS COVERAGE FOR THE CLAIMS ASSERTED IN THE *MOROCHO* LAWSUIT UNDER COVERAGE A

33.     Firemen's adopts and realleges the allegations in paragraphs 1 through 32 of its Complaint for Declaratory Judgment as paragraph 33 of Count II of its Complaint for Declaratory Judgment as if fully set forth herein.

34.     Coverage A of the Policies' CGL Coverage incorporates the following exclusion relating to the violation of statutes:

**2.     Exclusions**

This insurance does not apply to:

* * *

**q.     Recording And Distribution Of Material Or Information In Violation Of Law**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

* * *

7

> **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.
>
> * * *

(Exs. B and C, hereinafter, the "Violation of Statutes" Exclusion.)

35. The *Morocho* Lawsuit asserts two counts for violation of the BIPA, one count seeking monetary damages and one count seeking injunctive relief. (Ex. A.)

36. The BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of time for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b).

37. Accordingly, even if, for the sake of discussion, the *Morocho* Lawsuit alleged "bodily injury" within the policy period – which Firemen's expressly denies that it does – the "Violation of Statutes" Exclusion bars coverage for the claims asserted in the *Morocho* Lawsuit.

38. Firemen's has and had no duty under the Policies to defend CAH against the *Morocho* Lawsuit, or to indemnify CAH for any judgment or settlement entered in the *Morocho* Lawsuit.

39. An actual controversy exists between Firemen's, CAH, and Morocho, and by the terms provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Firemen's, respectfully prays that this Honorable Court:

a.  Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policies;

b.  Find and declare that the Policies' "Violation of Statutes" Exclusion bars coverage for the damages alleged in the *Morocho* Lawsuit;

c.  Find and declare that Firemen's has and had no duty under the Policies to defend CAH against the *Morocho* Lawsuit, or to indemnify CAH for any judgment or settlement entered therein; and

d.  Grant Firemen's such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT III

### THE "VIOLATION OF LAW" EXCLUSION BARS COVERAGE FOR THE CLAIMS ASSERTED IN THE *MOROCHO* LAWSUIT UNDER COVERAGE B

40.  Firemen's adopts and realleges the allegations in paragraphs 1 through 39 of its Complaint for Declaratory Judgment as paragraph 40 of Count III of its Complaint for Declaratory Judgment as if fully set forth herein.

41.  Coverage B of the Policies' CGL Coverage also incorporates the following exclusion relating to the violation of statutes:

**2.  Exclusions**

This insurance does not apply to:
* * *

**p.  Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
* * *

**(4)**  Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

(Exs. B and C, hereinafter, the "Violation of Law" Exclusion.)

42.     The BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of time for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b).

43.     Accordingly, even if, for the sake of discussion, the *Morocho* Lawsuit alleged "personal and advertising injury" within the policy period – which Firemen's expressly denies that it does – the "Violation of Law" Exclusion bars coverage for the claims asserted in the *Morocho* Lawsuit.

44.     Firemen's has and had no duty under the Policies to defend CAH against the *Morocho* Lawsuit, or to indemnify CAH for any judgment or settlement entered in the *Morocho* Lawsuit.

45.     An actual controversy exists between Firemen's, CAH, and Morocho, and by the terms provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Firemen's, respectfully prays that this Honorable Court:

a.      Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policies;

b.      Find and declare that the Policies' "Violation of Law" Exclusion bars coverage for the damages alleged in the *Morocho* Lawsuit;

c.      Find and declare that Firemen's has and had no duty under the Policies to defend CAH against the *Morocho* Lawsuit, or to

10

indemnify Firemen's for any judgment or settlement entered therein; and

d.    Grant Firemen's such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT IV

### THE "DISCLOSURE OF PERSONAL INFORMATION" EXCLUSION BARS COVERAGE UNDER THE CGL COVERAGE FOR THE CLAIMS ASSERTED IN THE *MOROCHO* LAWSUIT

46.    Firemen's adopts and realleges the allegations in paragraphs 1 through 45 of its Complaint for Declaratory Judgment a paragraph 46 of Count IV of its Complaint for Declaratory Judgment as if fully set forth herein.

47.    The 21-22 Policy's CGL Coverage incorporates the following exclusion relating to the access or disclosure of confidential or personal information and data-related liability:

**EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY – WITH LIMITED BODILY INJURY EXCEPTION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**    Exclusion **2.p.** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

    **2.**    **Exclusions**

    This insurance does not apply to:

    **p.**    **Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

    Damages arising out of:

    **(1)**    Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, health

11

information or any other type of nonpublic information.* * *

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

**2.  Exclusions**

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

* * *

(Ex. B, hereinafter referred to as the "Disclosure of Personal Information Exclusion").

48.  The *Morocho* Lawsuit alleges that CAH violated the BIPA by its wrongful recording, obtaining, collection, storage, and dissemination of the putative class members' private biometric information.  (Ex. A.)

49.  Accordingly, even if, for the sake of argument, the *Morocho* Lawsuit asserted claims that would constitute "bodily injury", "property damage", and/or "personal and advertising

injury" – which Firemen's expressly denies that it does – the "Disclosure of Personal Information Exclusion" bars coverage for the claims asserted in the *Morocho* Lawsuit.

50.    Firemen's has and had no duty under the 21-22 Policy to defend CAH against the *Morocho* Lawsuit or to indemnify CAH for any judgment or settlement entered in the *Morocho* Lawsuit.

51.    An actual controversy exists between Firemen's, CAH, and Morocho, and by the terms provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Firemen's, respectfully prays that this Honorable Court:

a.    Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policies;

b.    Find and declare that the 21-22 Policy's "Disclosure of Personal Information" Exclusion bars coverage for the damages alleged in the *Morocho* Lawsuit;

c.    Find and declare that Firemen's has and had no duty under the Policies to defend CAH against the *Morocho* Lawsuit, or to indemnify Firemen's for any judgment or settlement entered therein; and

d.    Grant Firemen's such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT V

## THE "CYBER INCIDENT" EXCLUSION BARS COVERAGE UNDER THE CGL COVERAGE FOR THE CLAIMS ASSERTED IN THE *MOROCHO* LAWSUIT

52.    Firemen's adopts and realleges the allegations in paragraphs 1 through 51 of its Complaint for Declaratory Judgment a paragraph 52 of Count V of its Complaint for Declaratory Judgment as if fully set forth herein.

53. The 22-23 Policy's CGL Coverage replaces the Disclosure of Personal Information Exclusion with an enhanced exclusion that provides the following relating to confidential or personal information and data-related liability:

## EXCLUSION - CYBER INCIDENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following replaces **Exclusion 2.p.** of **Section I - Coverage A - Bodily Injury And Property Damage Liability** and is added to Paragraph **2. Exclusions** of **Section I - Coverage B – Personal And Advertising Injury Liability:**

This insurance does not apply to:

**Cyber Incident**

Damages, costs and expenses, either directly or indirectly because of, caused by or arising out of:

**1.** Any:

    **a.** Unauthorized access to, acquisition, use, collection, copying, processing, storage, dissemination, publication or disclosure of;

         \* \* \*

any person's or organization's "confidential information", whether it is "electronic data" or in any other form or media.

         \* \* \*

Such damages, costs or expenses are excluded regardless of any other cause or event that contributes concurrently or in any sequence to the damages, costs or expenses.

         \* \* \*

This exclusion applies to any liability, damages, costs or expenses either directly or indirectly because of, caused by, or arising out of any failure (including, but not limited to, failure to timely or properly act) to notify of, disclose, prepare for, respond to, protect against, remediate, mitigate or comply with any statutory, regulatory, contractual, common law or other legal obligation relating to that described in paragraphs **1.** through **6.** above.

This exclusion applies regardless of culpability or intent, or whether the claim alleges negligence or other wrongdoing, in whole or in part, arising out of hiring, placing, managing, supervising, employing, training or monitoring of others, or the maintenance or security of any premises.

If there is any duty or obligation to defend or pay for a defense in the policy to which this endorsement is attached, the duty or obligation will not apply to any claim, suit or proceeding that alleges or is, directly or indirectly, in whole or in part, caused by, resulting from or relating to any of the above.

\* \* \*

(Ex. C, hereinafter the "Cyber Incident Exclusion").

54.     The Cyber Incident Exclusion defines the term "confidential information" as follows:

**2.**     "Confidential information" means nonpublic information, confidential information, personal information or personal data, including, but not limited to:

**a.**     Non-public information about a person that allows such person to be uniquely and reliably identified or allows access to the person's financial account or medical records information.

\* \* \*

**c.**     Business plans or records, financial information, personally identifiable information, credit or payment card information (including, but not limited to, credit, debit or stored value cards), medical or health information or any type or combination of types of the foregoing.

(Ex. C.)

55.     The *Morocho* Lawsuit alleges that CAH violated the BIPA by its wrongful access to, acquisition, use, collection, processing, storage, dissemination, publication, and/or disclosure of the putative class members' private biometric information. (Ex. A.)

56.     Accordingly, even if, for the sake of argument, the *Morocho* Lawsuit asserted claims that would constitute "bodily injury", "property damage", and/or "personal and advertising

injury" – which Firemen's expressly denies that it does – the "Cyber Incident" Exclusion bars coverage for the claims asserted in the *Morocho* Lawsuit.

57.     Firemen's has and had no duty under the 22-23 Policy to defend CAH against the *Morocho* Lawsuit or to indemnify CAH for any judgment or settlement entered in the *Morocho* Lawsuit.

58.     An actual controversy exists between Firemen's, CAH, and Morocho, and by the terms provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Firemen's, respectfully prays that this Honorable Court:

a.      Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policies;

b.      Find and declare that the 22-23 Policy's "Cyber Incident" Exclusion bars coverage for the damages alleged in the *Morocho* Lawsuit;

c.      Find and declare that Firemen's has and had no duty under the Policies to defend CAH against the *Morocho* Lawsuit, or to indemnify Firemen's for any judgment or settlement entered therein; and

d.      Grant Firemen's such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT VI

## ALLEGED INJURIES OCCURRED OUTSIDE OF THE POLICY PERIOD

59.     Firemen's adopts and realleges the allegations in paragraphs 1 through 58 of its Complaint for Declaratory Judgment as paragraph 59 of Count VI of its Complaint for Declaratory Judgment as if fully set forth herein.

60.     Coverage A of the Policies provides coverage for "bodily injury" or "property damage" that occurs during the policy period.  (Exs. B and C.)

16

61.    Similarly, Coverage B of the Policies provides coverage for "personal and advertising injury" that occurs during the policy period.  (Exs. B and C.)

62.    Even if, for the sake of argument, the *Morocho* Lawsuit asserted claims that would constitute "bodily injury", "property damage", and/or "personal and advertising injury" – which Firemen's expressly denies that it does – any "bodily injury", "property damage", and/or "personal and advertising injury" must occur during the policy period for coverage to be triggered.  (Ex. B.)

63.    The *Morocho* Lawsuit makes no specific allegations as to when any alleged injury to Morocho and/or other members of the putative class occurred, and the putative class consists (without temporal limitation) of "[a]ll individuals whose biometric data Defendant collected or stored in Illinois."  (Ex. A.)

64.    The Policies had policy periods from May 17, 2021 to May 17, 2023.  (Exs. B and C.)

65.    To the extent that Morocho – as well as any other putative class members – were injured outside of the policy period of the Policies, the Policies provide no coverage for any such injuries.  (Exs. B and C.)

66.    Firemen's has and had no duty under the Policies to defend CAH against the *Morocho* Lawsuit, or to indemnify CAH for any judgment or settlement entered in the *Morocho* Lawsuit.

67.    An actual controversy exists between Firemen's, CAH, and Morocho, and by the terms provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Firemen's, respectfully prays that this Honorable Court:

a.    Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policies;

17

     b.      Find and declare that claims asserted in the *Morocho* Lawsuit fall outside of the policy period of the Policies;

     c.      Find and declare that Firemen's has and had no duty under the Policies to defend CAH against the *Morocho* Lawsuit, or to indemnify CAH for any judgment or settlement entered therein; and

     d.      Grant Firemen's such other and further relief that the Court deems proper under the facts and circumstances.

**COUNT VII**

**THE "EMPLOYMENT-RELATED PRACTICES" EXCLUSION BARS CGL COVERAGE FOR THE CLAIMS ASSERTED IN THE *MOROCHO* LAWSUIT**

68.     Firemen's adopts and realleges the allegations in paragraphs 1 through 67 of its Complaint for Declaratory Judgment as paragraph 68 of Count VII of its Complaint for Declaratory Judgment as if fully set forth herein.

69.     The Policies' CGL Coverage also incorporates the following exclusion relating to employment-related practices:

**EMPLOYMENT-RELATED PRACTICES EXCLUSION**
* * *

**A.**    The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage A – Bodily Injury And Property Damage Liability:**

This insurance does not apply to:

"Bodily injury" to:

**(1)**    A person arising out of any:

     **(a)**    Refusal to employ that person;

     **(b)**    Termination of that person's employment; or

     **(c)**    Employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; * * *

18

This exclusion applies:

**(1)**     Whether the injury-causing event described in Paragraphs **(a), (b)**, or **(c)** above occurs before employment, during employment or after employment of that person;

**(2)**     Whether the insured may be liable as an employer or in any other capacity; and

**(3)**     To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**B.**     The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability:**

This insurance does not apply to:

"Personal and advertising injury" to:

**(1)**     A person arising out of any:

    **(a)**     Refusal to employ that person;

    **(b)**     Termination of that person's employment; or

    **(c)**     Employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; * * *

This exclusion applies:

**(1)**     Whether the injury-causing event described in Paragraphs **(a), (b)**, or **(c)** above occurs before employment, during employment or after employment of that person;

**(2)**     Whether the insured may be liable as an employer or in any other capacity; and

**(3)**     To any obligation to share damages with or repay someone else who must pay damages because of the injury.

(Exs. B and C, hereinafter, the "Employment-Related Practices Exclusion.")

70. The *Morocho* Lawsuit asserts claims for "employment-related practices, policies, acts or omissions" e.g., the policy of requiring CAH employees to submit to biometric scanning and time-tracking devices and technology to monitor and track the employees' time, as well as the lack of informed consent by CAH employees. (Ex. A.)

71. Accordingly, even if, for the sake of argument, the *Morocho* Lawsuit asserted claims that would constitute "bodily injury", "property damage", and/or "personal and advertising injury" – which Firemen's expressly denies that it does – the "Employment-Related Practices Exclusion" bars coverage for the claims asserted in the *Morocho* Lawsuit.

72. Firemen's has and had no duty under the Policies to defend CAH against the *Morocho* Lawsuit, or to indemnify CAH for any judgment or settlement entered in the *Morocho* Lawsuit.

73. An actual controversy exists between Firemen's, CAH, and Morocho, and by the terms provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Firemen's, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policies;

b. Find and declare that the "Employment-Related Practices Exclusion" bars coverage for the claims asserted in the *Morocho* Lawsuit;

c. Find and declare that Firemen's has and had no duty under the Policies to defend CAH against the *Morocho* Lawsuit, or to indemnify CAH for any judgment or settlement entered therein; and

d. Grant Firemen's such other and further relief that the Court deems proper under the facts and circumstances.

**TRAUB, LIEBERMAN, STRAUS & SHREWSBERRY LLP**

By:   /s/ Dana A. Rice
Dana A. Rice (6283827)
Adam P. Joffe (6300116)
71 S. Wacker Drive
Suite 2110
Chicago, IL 60606
P: 332-3900
F: 312-332-3908
drice@tlsslaw.com
ajoffe@tlsslaw.com

**ATTORNEYS FOR FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2023 I electronically filed the above with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ Dana A. Rice
Dana A. Rice